**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>MONICA RHEA THORN,<br><br>                 Debtor. | <u>FOR PUBLICATION</u><br><br>Chapter 13<br><br>Case No. 24-11523 (JPM) |

***APPEARANCES***

**JOSEPH A. ALTMAN P.C.**
*Counsel for the Debtor*
654 North Terrace Avenue
Fleetwood, NY 10552
By: Joseph A. Altman

**SCHNEIDER BUCHEL LLP**
*Counsel for 112-114 East 98th Street H.D.F.C.*
60 Crossway Parks Drive West, Suite 340
Woodbury, New York 11797
By: Seth M. Choset

**CHAPTER 13 TRUSTEE**
*Standing Chapter 13 Trustee*
399 Knollwood Rd., Ste. 102
White Plains, NY 10603
By: Thomas C. Frost

**UNITED STATES TRUSTEE**
*Office of the U.S. Trustee, Region 2*
Alexander Hamilton Custom House
One Bowling Green, Rm. 534
New York, NY 10004


**MEMORANDUM OPINION AND ORDER OVERRULING THE DEBTOR'S FIRST AND
SECOND CLAIM OBJECTIONS AND ALLOWING THE CREDITOR'S AMENDED CLAIM**

**JOHN P. MASTANDO III**
**UNITED STATES BANKRUPTCY JUDGE**

**I.    INTRODUCTION**

Before the Court is the debtor Monica Rhea Thorn's (the "**Debtor**") objection to a proof of claim filed by 112-114 East 98 Street H.D.F.C. ("**H.D.F.C.**"). On October 6, 2026, the Debtor filed an objection to H.D.F.C.'s proof of claim in the amount of $22,899.01 (the "**Original Claim**"), contending that the claim should be reduced to $14,200.00, the amount listed in her Schedule E/F (the "**First Objection**"). (Dkt. No. 41).

On February 19, 2026, H.D.F.C. filed a response (the "**Response**") disputing the Debtor's calculation and seeking to amend its claim to $19,292.97 (the "**Amended Claim**"). (Dkt. No. 52). On February 24, 2026, the Debtor objected to the Amended Claim, asserting that the correct amount is $11,569.94 (the "**Second Objection**"). (Dkt. No. 54). The Court held a hearing on February 26, 2026 (the "**Hearing**").

Having reviewed the parties' filings, the arguments presented at the Hearing, and the record as a whole, the Court finds that the Debtor has not met her burden of rebutting the prima facie validity of H.D.F.C.'s Amended Claim. For the reasons set forth below, the Debtor's First and Second Objections are **OVERRULED**, and the Amended Claim is **ALLOWED**.

**II.    JURISDICTION**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334, 157(a), 157(b), and the Amended Standing Order of Reference dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

**III.    BACKGROUND**

H.D.F.C. is a cooperative corporation that owns an apartment complex located at 112 East 98th Street, New York, New York 10029 (the "**Building**"). (Dkt. No. 52, ¶¶ 1-2). The Debtor is a

2

resident and shareholder of H.D.F.C., owning 250 shares allocated to Apartment 1R of the Building (the "**Property**"). (*Id*. ¶ 3). The Debtor holds a proprietary lease dated October 30, 2002 (the "**Lease**").

Under the Lease, the Debtor is obligated to pay monthly maintenance and related charges. (*Id*. ¶ 10; *see also* Dkt. No. 52, Ex. B., Lease §§ 1.01, 5.02). Failure to make such payments constitutes a default. (*Id*.). Paragraph 6.01(c) of the Lease further provides that, upon default, H.D.F.C. may recover expenses incurred in enforcing its rights—including "reasonable attorney's fees"—as additional maintenance charges. (*Id*. Ex. B., Lease § 6.01(c)). That paragraph states:

> The Corporation shall be entitled to recover from the Shareholder all expenses incurred under paragraphs 6.01(a) or 6.01(b). If the Shareholder shall at any time be in default under this lease and the Corporation shall incur any expense (whether paid or not) in performing acts which the Shareholder is required to perform, or in beginning any lawsuit or proceeding based on such default, or defending, or asserting a counterclaim in any action or proceeding brought by the Shareholder, said expense including reasonable attorney's fees and disbursements, shall be paid by the Shareholder to the Corporation, on demand, as additional maintenance charges.

The Debtor ceased making monthly payments in May 2021. (Dkt. No. 52, ¶ 5). On September 3, 2024, the Debtor filed a voluntary petition for Chapter 13 bankruptcy. (Dkt. No. 1). In her schedules, the Debtor values the Property at $350,000.00 and lists H.D.F.C. as holding a $14,200.00 unsecured claim. (*Id*. Schedules A/B, E/F).

On November 12, 2024, H.D.F.C. filed a proof of claim asserting a secured claim of $22,899.01. (*See* Proof of Claim, Dkt. No. 52, Ex. C.). The claim consists of:

> $11,940 in maintenance arrears;
> $4,829.60 in interest;
> $42.50 in posted legal fees;
> $6,447.01 in unposted legal fees;
> less $370.06 in prepetition payments.

3

H.D.F.C. asserts that its claim is secured by the Debtor's shares and proprietary lease, and that its security interest is evidenced by the stock certificate issued to the Debtor in connection with her ownership of 250 shares allocated to the Property. (*Id*.).

On October 6, 2025, the Debtor filed the First Objection. (Dkt. No. 41). The Debtor argues that H.D.F.C.'s claim is "inflated and in error," and "should be reduced to the sum of $14,200.00," consistent with the amount in her Schedule E/F. (*Id*.). The Debtor primarily disputes the inclusion of legal fees. (*Id*.).

On February 19, 2026, H.D.F.C. filed its Response. (Dkt. No. 52). H.D.F.C. acknowledges that the originally-listed amount of $6,447.01 in unposted legal fees was inaccurate, and amended the legal fee component to $2,850.93, reflecting $2,136.00 in invoiced prepetition legal fees and $714.93 in disbursements. (*Id*. ¶ 14). This adjustment reduced the total claim to $19,292.97. (*Id*.).

On February 24, 2025, the Debtor filed the Second Objection. (Dkt. No. 54). The Debtor concedes the $11,940.00 in maintenance arrears but argues that, after discounting the $370.06 paid, H.D.F.C.'s allowed claim should be limited to $11,569.94. (*Id*.). The Debtor further contends that paragraph 6.01(c) of the Lease does not authorize recovery of the asserted legal fees because no lawsuit was commenced against the Debtor, given that only "reasonable attorney's fees" incurred in "beginning any lawsuit or proceeding based on such default" was recoverable. (Dkt. No. 56, ¶ 12). The Debtor also argues that the $4,829.60 in interest should be disallowed because H.D.F.C. "does not [hold] a judgment." (*Id*. ¶ 13).

The dispute before the Court concerns whether H.D.F.C. may include prepetition interest and attorney's fees under the Lease, and whether its claim is properly asserted as secured.

4

IV.    **LEGAL STANDARD**

A proof of claim filed under 11 U.S.C. § 501 is "deemed allowed" unless a party objects. *See* 11 U.S.C. § 502(a). Once an objection is filed, the Court must determine the amount of the claim as of the petition date and allow the claim "except to the extent that 'such claim is unenforceable against the debtor'" under applicable law. *In re Flanagan*, 503 F.3d 171, 179 (2d Cir. 2007) (quoting 11 U.S.C. § 502(b)).

Under Federal Rule of Bankruptcy Procedure 3001(f), a properly filed proof of claim is "prima facie evidence of the validity and amount of a claim." *In re Kerner*, 599 B.R. 751, 757 (Bankr. S.D.N.Y. 2019) (quoting Fed. R. Bankr. P. 3001(f)). This presumption places "the initial burden of persuasion" on the objecting party to produce evidence sufficient to rebut the claim's prima facie validity. *In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009). The objecting party must produce "evidence equal in force to the prima facie case … which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency." *In re Cocoa Services, L.L.C.*, No. 17-11936 (JLG), 2018 WL 1801240, at *16 (Bankr. S.D.N.Y. Apr. 13, 2018) (quoting *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992)).

If the objecting party meets this burden, the burden shifts back to the claimant to prove the claim by a preponderance of the evidence. *See In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000); *accord Raleigh v. Ill. Dept. of Revenue*, 530 U.S. 15, 20 (2000). If the objecting party fails to meet its burden, "the [proof of] claim should be allowed as filed." *In re Motors Liquidation Co.*, No. 11-4180 (NRB), 2012 WL 124581, at *3 (S.D.N.Y. Jan. 17, 2012) (citing *In re Adelphia Commc'ns Corp.*, No. 02-41729 (REG), 2007 WL 601452, at *5 (Bankr. S.D.N.Y. Feb. 20, 2007)).

V.   **ANALYSIS**

A.   **WHETHER THE AMENDED CLAIM IS PRIMA FACIE VALID**

The Court finds that H.D.F.C.'s Amended Claim is entitled to prima facie validity under Rule 3001(f). In response to the Debtor's First Objection, H.D.F.C. reduced the amount originally sought and provided an itemized accounting of maintenance arrears, legal fees, disbursements, interest, and credits. (Dkt. No. 52). H.D.F.C. also identified the contractual basis for recovery of attorney's fees under paragraph 6.01(c) of the Lease, which expressly permits recovery of "reasonable attorney's fees and disbursements" incurred in connection with a shareholder's default, treating such sums as additional maintenance. (*Id*. Ex. B., Lease § 6.01(c)).

The documentation submitted with the proof of claim and the Response satisfies Rule 3001(f) and establishes a valid claim in the amount of $19,292.97. (*See* Proof of Claim, Dkt. No. 52, Ex. C.).

B.   **WHETHER THE ATTORNEY'S FEES AND INTEREST ARE RECOVERABLE UNDER THE LEASE**

The Debtor does not dispute the underlying maintenance arrears of $11,940.00. (Dkt. No. 54). Instead, she challenges the inclusion of interest and attorney's fees as "unreasonable," asserting that only $11,569.94 is due after discounting the Debtor's prepetition payments. (*Id*.).

The Court finds the Debtor's objections conclusory. A generalized assertion that fees are "inflated" or "unreasonable" is insufficient to overcome the presumption of prima facie validity afforded to a properly filed proof of claim. *See In re Lehning*, No. 05-16245, 2007 WL 1200820, at *4 (Bankr. N.D.N.Y. Apr. 20, 2007) (holding that "general averments" and "vague allegations of unreasonableness" are "insufficient to puncture the prima facie presumption of validity" of a verified proof of claim). To demonstrate that the fees are unreasonable—either under the Lease or under applicable non-bankruptcy law—the Debtor must present evidence showing that the charges

are outside the scope of paragraph 6.01(c) or are facially excessive. *See In re Goldman Sachs Mutual Funds*, No. 04-2567 (NRB), 2006 WL 126772, at *8 (S.D.N.Y. Jan. 17, 2006) (noting that professional fees are unreasonable where it is "so disproportionately large that it bears no reasonable relationship to the services rendered"); *Dicara v. Connecticut Educ. Dept.*, No. 08-627 (PCD), 2008 WL 5083622, at *3 (D. Conn. Nov. 26, 2008) ("The burden is on the party challenging the fee to show that it is unreasonable."). The Debtor has submitted no affidavit, no billing analysis, and no evidence demonstrating unreasonableness. Nor has she identified any specific time entries or categories of charges that are improper. The Debtor's conclusory statement does not satisfy the objector's burden of production. *See Oneida*, 400 B.R. at 389.

The Debtor further contends that legal fees are unrecoverable because H.D.F.C. did not commence a lawsuit. (Dkt. No. 56, ¶ 12). That contention is inconsistent with paragraph 6.01(c) of the Lease, which expressly authorizes recovery of expenses incurred in "beginning any lawsuit or proceeding based on such default" or in performing acts the shareholder was obligated to perform. (*Id*. Ex. B., Lease § 6.01(c)). A plain reading of paragraph 6.01(c) reveals that the recovery of attorney's fees is not limited to the entry of judgment, nor is it confined to state court litigation initiated by H.D.F.C. (*Id*.). Enforcement of rights in a bankruptcy proceeding falls within the ordinary meaning of a "proceeding." *See Weissman v. Hassett*, 47 B.R. 462, 468 (S.D.N.Y. 1985) (citing *Friedman v. Alexander*, 79 A.D.2d 627, 628 (N.Y. App. 2d Dept. 1980)) ("In New York, it is settled law that a bankruptcy proceeding is a judicial proceeding."); *cf. In re Iroquois Energy Mgmt., LLC*, 284 B.R. 28, 30 (Bankr. W.D.N.Y. 2002) (noting that a bankruptcy case qualifies as "an action, case, or proceeding" within the meaning of the Article 9 of the Uniform Commercial Code). Nothing in the Lease conditions recovery of reasonable attorneys' fees on the commencement of a separate state court action against the Debtor.

7

Similarly, the Debtor's assertion that the $4,829.60 in prepetition interest is disallowable because H.D.F.C. does not hold a judgment lacks merit. Prepetition interest provided for in a contract is generally allowable under § 502(b). *See, e.g.*, *Key Bank, N.A. v. Milham (In re Milham)*, 141 F.3d 420, 423 (2d Cir. 1998) ("Prepetition interest is generally allowable to the extent and at the rate under applicable non-bankruptcy law, including the law of contracts."); *In re Residential Capital, LLC*, 508 B.R. 851, 858 (Bankr. S.D.N.Y. 2014) ("Where prepetition interest is in question, the answer is clear: state law controls and contract default interest is awarded so long as state law permits it."). The Debtor cites no authority under New York law suggesting that interest provided for under the contract is enforceable only upon entry of a judgment. It is settled law that a creditor need not reduce its claim to judgment before asserting it in bankruptcy. *See In re White*, 168 B.R. 825, 831 (Bankr. D. Conn. 1994) ("A creditor need not hold a judgment in order to be entitled to assert a claim in bankruptcy[.]").

### C. WHETHER SECTION 502(B)(1) OF THE BANKRUPTCY CODE OTHERWISE BARS RECOVERY

Where a contract authorizes recovery of reasonable attorney's fees, such fees are allowable in bankruptcy unless the Bankruptcy Code provides otherwise. *See Ogle v. Fidelity & Deposit Co. of Maryland*, 586 F.3d 143, 147 (2d Cir. 2009). Section 502(b)(1) disallows only those claims that are unenforceable under applicable non-bankruptcy law—here, New York contract law. *See Travelers Casualty & Surety Co. of America v. Pacific Gas & Electric Co.*, 549 U.S. 443, 448 (2007)) (holding that an "enforceable contract allocating attorney's fees … is allowable in bankruptcy [unless] the Code provides otherwise"); *see also* 11 U.S.C. § 502(b)(1).

Here, H.D.F.C. has demonstrated both a contractual basis for recovery under paragraph 6.01(c) of the Lease and an itemized calculation of the amounts sought. The Lease is unambiguous on its face, and the Debtor has not raised fraud, duress, unconscionability, or any other defense to

8

contract enforceability under New York law. Under settled principles of contract interpretation, where a provision is unambiguous on its face, the Court must enforce it as written. *See Travelers Indem. Co. of Illinois v. 28 East 70th St. Const. Co., Inc.*, 296 F.Supp.2d 476, 481 (S.D.N.Y. 2003) (citing *Bourne v. Walt Disney Co.*, 68 F.3d 621, 628-29 (2d Cir. 1995)) ("Under New York law, a court should interpret a contract to uphold the intent of the parties and should enforce provisions as written as a matter of law if the contract is unambiguous."); *Hanover Ins. Co. v. Wierfield Coal, Inc.*, 474 F.Supp.3d 564, 569 (E.D.N.Y. 2020) (quoting *Sunrise One, LLC v. Harleysville Ins. Co. of New York*, 293 F.Supp.3d 317, 325 (E.D.N.Y. 2018)) ("If the contract terms are unambiguous, the court must interpret them according to their 'plain and ordinary meaning,' and enforce them as written."); *Hugo Boss Fashions, Inc. v. Fed. Ins. Co.*, 252 F.3d 608, 615 (2d Cir. 2001) (noting that ambiguity does not exist "simply because the parties urge different interpretations").

Because the Debtor has identified no New York contract law rendering the attorney's fees or the accrued interest unenforceable, § 502(b)(1) provides no basis for disallowance. On this record, the Court concludes that the amounts included in the Amended Claim are contractually valid and enforceable in bankruptcy.

### D. WHETHER H.D.F.C.'S CLAIM SHOULD BE TREATED AS UNSECURED

The Debtor classifies H.D.F.C.'s claim as unsecured but offers no legal or factual basis for that classification. H.D.F.C., by contrast, asserts that its claim is secured by the Debtor's shares and proprietary lease.

As a threshold matter, New York law permits a cooperative cooperation to obtain a security interest in a shareholder's shares and proprietary lease to secure unpaid maintenance and related charges. *See Spira v. Douglas*, 121 N.Y.S.3d 783, 784 (Civ. Ct. N.Y. County, 2020) (recognizing "a cooperative corporation" may "create a security interest in shares and a proprietary lease" under

9

Article 9 of the Uniform Commercial Code); *see also Lombard v. Station Sq. Inn Apartments Corp.*, 94 A.D.3d 717, 720 (N.Y. App. 2d Dept. 2012) (finding that the stock certificate evidenced "an enforceable security interest in [cooperative] shares," permitting the cooperative corporation to repossess the shares under Article 9 of the Uniform Commercial Code upon default).

The key inquiry here is whether H.D.F.C. has established the existence and perfection of such a security interest in this case. Bankruptcy Rule 3001(d) provides that, "[i]f a security interest in property of the debtor is claimed, the proof of claim shall be accompanied by evidence that the security interest has been perfected." Fed. R. Bankr. P. 3001(d). Official Form 410 sets forth the content and format for proofs of claim and instructs creditors as follows:

> Attach redacted copies of documents, if any, that show evidence of a perfection of a security interest (for example, a mortgage, a lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded).

Item 7, Official Form 410.

Failure to attach the documentation required by Rule 3001(d) results in the loss of the prima facie validity as to the secured status of the claim. *See In re Benyamin*, 587 B.R. 243, 249 (Bankr. S.D.N.Y. 2018). An "unperfected security interest" is "unenforceable [in] a bankruptcy case." *In re A.N. Frieda Diamonds, Inc.*, 616 B.R. 295, 310 (Bankr. S.D.N.Y. 2020).

Here, although H.D.F.C.'s proof of claim identifies the stock certificate as collateral and indicates that the claim is secured, it does not attach the stock certificate, a security agreement, or any documentation demonstrating perfection. (*See* Proof of Claim, Dkt. No. 52, Ex. C.). Neither H.D.F.C. nor the Debtor has submitted documentation sufficient to permit the Court to determine whether the asserted security interest was properly perfected as of the petition date.

This is not a case in which the Debtor's own schedules or admissions fill the evidentiary gap. To the contrary, the Debtor classifies the claim as unsecured and disputes both the amount and nature of the claim. *See Benyamin*, 587 B.R. at 249 (citing *In re Parrish*, 326 B.R. 708, 718-

19 (Bankr. N.D. Ohio 2005)) (noting that, in limited circumstances, courts have relied on a debtor's acknowledgment of a lien in its schedules to overcome a creditor's failure to attach sufficient documentation of a security interest).

On the present record, the Court cannot determine whether H.D.F.C.'s claim is secured or unsecured. Accordingly, while the Debtor's objections to the amount of the Amended Claim are overruled, H.D.F.C. is directed to supplement its proof of claim to include any documentation sufficient to establish the validity and perfection of its asserted security interest.

### VI. CONCLUSION

For the foregoing reasons, the Court finds that the Debtor has failed to satisfy her burden of rebutting the prima facie validity of H.D.F.C.'s Amended Claim. Accordingly, the Court hereby orders that:

1. The Debtor's First Objection to H.D.F.C.'s Original Claim in the amount of $22,889.01 (Dkt. No. 41) is **OVERRULED**;

2. The Debtor's Second Objection to H.D.F.C.'s Amended Claim in the amount of $19,292.97 (Dkt. No. 54) is **OVERRULED**; and

3. H.D.F.C. shall file a supplement to its proof of claim attaching any documentation evidencing the validity and perfection of its asserted security interest in the Debtor's cooperative shares and proprietary lease.

**IT IS SO ORDERED**.

Dated: March 9, 2026
New York, New York

/s/ John P. Mastando III
HONORABLE JOHN P. MASTANDO III
UNITED STATES BANKRUPTCY JUDGE